[Civ. No. 24324. Third Dist. Oct. 2, 1984.]

CHARLES MILTON LONEY,
Individually and as Personal Representative, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF NEVADA COUNTY, Respondent;
THETA LONEY MONETA et al., Real Parties in Interest.

COUNSEL

Wagner & Kirkman and Douglas E. Kirkman for Petitioners.

No appearance for Respondent.

Porter, Scott, Weiberg & Delehant and Mary F. LeVine for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Charles Milton Loney and June Loney Marco (petitioners) seek an extraordinary writ directing respondent superior court to vacate its order striking their cross-complaint against real party in interest Louis Deadrich. ██ The petition presents the issue whether Code of Civil Procedure section 428.50 authorizes a third party cross-complaint to be filed without leave of court after a trial date has been set but later vacated. We shall deny the petition.

The original complaint was filed in 1979 and amended in 1981. Deadrich is not a party to the main action but with that exception, all other real parties in interest are named plaintiffs. Petitioners are named defendants and they answered the amended complaint. In August 1982, plaintiffs filed an at-issue memorandum. The case has since been set for trial three times. The last trial date assigned, January 31, 1984, was vacated by stipulation of the parties.

On April 30, 1984, when no trial date was pending, petitioners filed a cross-complaint against Deadrich for fraud and negligent misrepresentation. The cross-complaint was based on events occurring between 1967 and 1975, and alleged that the facts underlying the claim were discovered by petitioners on or about April 28, 1981.

Deadrich requested the superior court to strike petitioners' cross-complaint.[1] On July 23, 1984, the court ordered petitioners' cross-complaint stricken.

In support of his motion to strike Deadrich argued that Code of Civil Procedure section 428.50 requires petitioners to obtain leave of court prior

---

[1]Deadrich did not file and serve a formal notice of motion to strike. Petitioners' failure to object waives the procedural defect. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 7, p. 2683.)

to filing. Petitioners rely on recent amendments to that section (Stats. 1983, ch. 176, § 1, p. 511), which, they contend, authorize the filing of their cross-complaint without first obtaining the court's permission.

Newly amended section 428.50 provides: "(a) A party shall file a cross-complaint against any of the parties who filed the complaint or cross-complaint against him or her before or at the same time as the answer to the complaint or cross-complaint.

"(b) Any other cross-complaint may be filed at any time before the court has set a date for trial.

"(c) A party shall obtain leave of court to file any cross-complaint except one filed within the time specified in subdivision (a) or (b). Leave may be granted in the interest of justice at any time during the course of the action."

The specific portion of section 428.50 at issue here is subdivision (b), dealing with third party cross-complaints. Petitioners argue that since no trial date was actually pending at the time they filed their cross-complaint, they were entitled to do so as a matter of right. Deadrich counters that subdivision (b) requires leave of court to file a third party cross-complaint anytime after the first trial date is set, regardless of whether that date is later vacated by the court. We are convinced Deadrich has the better of the argument.

■ Our analysis is informed by certain familiar canons of statutory construction. "Where the principal problem of construction concerns the meaning of words used in the statute, a court must first look to the words themselves and must interpret them according to the usual import of the language in framing them. (See *People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) ■ In construing a statute, a court cannot insert qualifying provisions not included or rewrite the statute to conform to an assumed intention which does not appear from its language. (*McLaughlin* v. *Superior Court* (1983) 140 Cal.App.3d 473, 482 [189 Cal.Rptr. 479].)" (*People* v. *Haney* (1984) 156 Cal.App.3d 109, 115 [202 Cal.Rptr. 579].)

■ Petitioners would have us contravene these fundamental rules by, in effect, rewriting subdivision (b) to read: "Any other cross-complaint may be filed at any time before the court has set a date for trial, or, if the trial date is vacated, at any time prior to the case being reset." This would significantly alter the effect of the statute which allows filing without leave of court only before a trial date is set. If the Legislature had intended to

extend the time for filing in cases where a trial date is set and then vacated, it could have done so expressly.

The construction we adopt is supported by practical considerations. Under the Rules of Court, a case cannot be set for trial until one of the parties files an at-issue memorandum and the matter is placed on the civil active list. (See rules 206-220.) The at-issue memorandum must state, inter alia, that all essential parties have been served or have appeared. Thus, it is reasonable to allow the parties to bring in new parties by way of cross-complaint up to the time of trial setting. However, at that stage, it may be assumed that the original parties have engaged in discovery and investigated the applicable law and facts, and have learned of any new parties or additional causes of action that should be included in the litigation. Thus, the assignment of the first trial date becomes a logical point at which to cut off the right to file cross-complaints bringing in new parties without permission of court. This is not to say additional claims can never be presented after the first trial date is assigned, but, rather, that from that time permission of the trial court must be obtained. (§ 428.50, subd. (c).)

The construction argued by petitioners would impact adversely on the ability of trial courts to administer their calendars efficiently. We are well aware that trial dates are often vacated or continued, and that this is done for myriad reasons. If, every time a case was dropped from the trial calendar for however brief a time, the door was opened at the whim of the parties to a new round of pleadings, discovery, and motions, trials would be delayed and court calendars further congested in an already overburdened system.

The 1983 amendments to section 428.50 were enacted as part of Assembly Bill No. 486. Research into the legislative history of Assembly Bill No. 486 sheds no light directly on the issue before us. However, some illumination is found in the report of the Senate Committee on Judiciary, which indicates that subdivision (b) was added in response to the "drastic increase" in third party cross-complaints since the Supreme Court's decision in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]. The report indicates that the legislation was intended to eliminate the need for the filing of a noticed motion whenever a potential indemnity claim was discovered by one of the original defendants, since such motions are routinely granted anyway. This expression of purpose confirms our interpretation. Claims for equitable indemnity which may not be known when a defendant's answer is filed will almost always surface during discovery and investigation which, as a general rule, occur before the case is at issue and the first trial date assigned.

■ ■■■ Accordingly, we conclude that the cross-complaint of petitioners was properly stricken because leave of court was not obtained prior to its being filed.[2]

The petition is denied. This order is final forthwith. (Rule 24(a), Cal. Rules of Court.)

Blease, J., and Sparks, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied November 14, 1984.

---

[2]Petitioner Loney is also sued as personal representative of the estate of Charles Chester Loney. In that capacity he seeks by this petition also to compel the trial court to vacate its order denying the estate's motion to amend its answer and cross-complaint. The amendments were offered over four years after the first complaint was filed, three years after the new causes of action were allegedly discovered and approximately seventeen years after the acts complained of occurred. Under such circumstances, the trial court's rejection of the proposed amendments was well within its discretion. (Cf. *Huber, Hunt & Nichols, Inc.* v. *Moore* (1977) 67 Cal.App.3d 278, 292-293 [136 Cal.Rptr. 603].)