Filed 5/29/13  Reyenga v. Goyal CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| ALIDA REYENGA et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>JITENDRA GOYAL et al.,<br><br>    Defendants and Respondents. | D059433<br><br><br><br>(Super. Ct. No. ECU03860) |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Affirmed.

Janis L. Turner for Plaintiffs and Appellants.

Horton, Knox, Carter & Foote, Orlando B. Foote, Melissa Blackburn and Margarita Haugaard for Defendants and Respondents.

A court entered a judgment on defendants' cross-complaint awarding damages and attorney fees against plaintiffs Alida Reyenga and David Vernon (Plaintiffs) in favor of defendants Jitendra and Hemendra Goyal (Defendants).  Plaintiffs appeal.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendants acquired land in Holtville, California, from a railroad, and immediately began efforts to develop the property, including seeking and obtaining zoning approvals from the City of Holtville. Plaintiffs, who owned a parcel adjoining Defendants' land, tried to block the development by opposing the zoning changes. When Plaintiffs were unsuccessful, they began a campaign of harassment that included an assertion that Defendants' property was encumbered by a prescriptive easement benefitting Plaintiffs' property.

Defendants pursued informal efforts to resolve the dispute but were unsuccessful. Instead, Plaintiffs commenced the present action by filing a complaint alleging claims for nuisance, to quiet title based on the alleged prescriptive easement, and for damages. Defendants answered and, by a first amended cross-complaint, sought declaratory relief and quiet title, and also sought damages under various theories.

The court granted Defendants' motion for summary judgment on the claims raised in Plaintiffs' complaint, and the matter proceeded to trial on the issues raised in Defendants' cross-complaint. The court found in Defendants' favor, and awarded damages of $40,000. In posttrial motions, the court also awarded them costs and attorney fees pursuant to Code of Civil Procedure[2] section 2033.420. Plaintiffs timely appealed.

---

[1] Our factual background is truncated and we mention only those facts that may be relevant to the issues properly before us.

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

ANALYSIS

A. <u>The Propriety of the First Amended Cross-complaint</u>

Plaintiffs first assert Defendants' first amended cross-complaint, on which the judgment was partially based, must be deemed "nonexistent" because it was filed without leave of court in alleged violation of section 428.50. However, Plaintiffs cite nothing to suggest this argument was raised below, either by a motion to strike (see, e.g., *Loney v. Superior Court* (1984) 160 Cal.App.3d 719, 724; § 436, subd. (b)) or otherwise, and under well settled law it therefore may not be interposed for the first time on appeal. "Where the parties try the case on the assumption that a cause of action is stated, that certain issues are raised by the pleadings, that a particular issue is controlling, or that other steps affecting the course of the trial are correct, neither party can change this theory for purposes of review on appeal." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 407, p. 466.) This doctrine is a well established rule of appellate practice, based on the notion that a change of position on appeal from the "theory of trial" is unfair to the trial court and unjust to the opposing party. (*Id*. at §§ 407-408, pp. 466-468.) Plaintiffs may not assert on appeal that the causes of action included in Defendants' first amended cross-complaint were not properly at issue in the trial court.

B. <u>The Damages Award</u>

Plaintiffs assert the damages award to Defendants was erroneous. However, the precise nature of Plaintiffs' appellate claim is opaque, because it is unclear whether they

argue damages *cannot* be awarded for claims of trespass or nuisance, or instead assert the *amount* awarded in this case was excessive considering the evidence at trial.

To the extent Plaintiffs argue damages cannot be awarded for claims of trespass or nuisance, they are mistaken: damages are recoverable in actions for trespass (Civ. Code, § 3334; *Natural Soda Products Co. v. City of Los Angeles* (1943) 23 Cal.2d 193, 199 [lost profits]) and nuisance (*Ingram v. City of Gridley* (1950) 100 Cal.App.2d 815, 820). To the extent Plaintiffs argue the amount awarded in this case was excessive considering the evidence at trial, we are not persuaded by their claim for two independent reasons. First, the record contains no suggestion Plaintiffs moved for a new trial asserting the damage award was excessive, and not timely moving for a new trial "precludes a party from complaining on appeal that the damages awarded were either excessive or inadequate, whether the case was tried by a jury or by the court." (*Jamison v. Jamison* (2008) 164 Cal.App.4th 714, 719 [damage award may not be challenged for inadequacy or excessiveness for the first time on appeal].) Second, even had Plaintiffs preserved the issue by moving for a new trial below, their claim as to the insufficiency of the evidence to support the damage award would be deemed forfeited on appeal because they have not on appeal set forth the evidence supporting the damages award.

When an appellant challenges a finding for insufficiency of the evidence to support it, he or she is required to set forth in the appellant's opening brief all the material evidence on that issue or finding and not merely evidence favorable to his or her position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) "In furtherance of its

4

burden, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment. [Citation.] Further, the burden to provide a fair summary of the evidence 'grows with the complexity of the record. [Citation.]' " (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.) An appellant must state fully, with transcript citations, the evidence claimed to be insufficient to support the trial court's findings. (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Unless this is done, the asserted error is deemed waived. (*Foreman & Clark,* at p. 881.) "An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably *supports* it." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410.) Furthermore, "[a] party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable" (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218), and not doing so permits a reviewing court to deem waived any substantial evidence contention. (*Ibid.*) Based on our review of the record on appeal, Plaintiffs have not set forth a sufficient statement of facts stating *all* of the *material* evidence, both favorable and unfavorable, on the damages award, and therefore this issue is deemed forfeited.

      C. <u>The Attorney Fees Award</u>

      Plaintiffs contend there was no legal basis on which to predicate an award of attorney fees to Defendants. Plaintiffs appear also to suggest the attorney fees were

awarded without a motion or notice to them. However, both Defendants' motion seeking attorney fees pursuant to section 2033.420 and Plaintiffs' opposition are contained in the record on appeal, and therefore this claim is not well taken. Plaintiffs do not challenge the amount of the attorney fee award.

*Factual Background*

After their efforts to block Defendants' development through the zoning process were unsuccessful, Plaintiffs began a campaign of harassment that included hiring an attorney who asserted Plaintiffs had acquired a prescriptive easement over Defendants' property by adverse possession and who threatened legal action to enjoin Defendants from interfering with Plaintiffs' alleged prescriptive easement. Defendants' attorney replied to Plaintiffs' attorney outlining the factual and legal reasons why Plaintiffs' claims regarding adverse possession were meritless and also outlining why their claims for a prescriptive easement were meritless. Plaintiffs, after apparently changing to a new attorney, thereafter again threatened to file an action to quiet title based on adverse possession, and to file a lis pendens that would cloud Defendants' title. Defendants' attorney again replied to Plaintiffs' new attorney, reiterating the factual and legal reasons why their claims regarding adverse possession and for a prescriptive easement were meritless.

Plaintiffs nevertheless filed this action, and a principal thrust of their claims was that they had obtained a protectable interest in Defendants' property "by virtue of adverse possession." Less than three months after Plaintiffs' action was filed, Defendants

6

propounded requests for admissions requesting that Plaintiffs admit, among other things, that they made verbal statements claiming an interest in the property that disparaged Defendants' title by claiming a right to use and occupy the property, and Plaintiffs' statements were false when made. Plaintiffs' response to those requests simply stated "denied." Defendants then conducted additional discovery, and were ultimately required to proceed, by way of a summary judgment motion directed at the claims asserted by Plaintiffs in their complaint, to defeat Plaintiffs' claims.

Defendants thereafter attempted to obtain a negotiated settlement on the remaining claims raised by their cross-complaint but, when that avenue was exhausted without success, were required to proceed to trial. At trial, Plaintiff Alida Reyenga admitted that "[s]ometime prior to actually filing the lawsuit" she "knew that we didn't have a right to adverse possession."

*Analysis*

Although Plaintiffs correctly note that none of the substantive claims on which Defendants prevailed provide for the recovery of attorney fees, the record is clear that Defendants' motion for attorney fees was premised on section 2033.420, which provides:

> "(a) If a party fails to admit . . . the truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves . . . the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees."

> "(b) The court shall make this order unless it finds any of the following:

7

"(1) An objection to the request was sustained or a response to it was waived under Section 2033.290.

"(2) The admission sought was of no substantial importance.

"(3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter.

"(4) There was other good reason for the failure to admit."

"Under . . . section 2033.420, a party that denies a request for admission may be ordered to pay the costs and fees incurred by the requesting party in proving that matter." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1276.) Allowing recovery of expenses "is directly related" to the purpose underlying requests for admissions--to expedite trial. (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509.) "Unlike other discovery sanctions, an award of expenses pursuant to section [2033.420] is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission . . . [citations] such that trial would have been expedited or shortened if the request had been admitted." (*Ibid.* [discussing predecessor provision].)

A trial court could conclude Defendants incurred substantial attorney fees proving Plaintiffs' claims to the property disparaged Defendants' title by claiming a right to use and occupy the property, and thereby injured Defendants, and Plaintiffs knew the statements were false when they made them. Under the facts here, the order awarding attorney fees was authorized under section 2033.420.

8

DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.

McDONALD, Acting P. J.

WE CONCUR:

McINTYRE, J.

AARON, J.