Filed 8/27/24  McBride v. Bergh CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| KATHLEEN WILLIAMS McBRIDE, | B323937 |
| Defendant and Appellant, | Los Angeles County Super. Ct. No. (BC703537) |
| v. | |
| KATHERINE BERGH, | |
| Defendant and Respondent. | |
| FELIX LOPEZ et al., | |
| Real parties in interest. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Century City Law Group and Robin Mashal for Appellant Hector Canino.

Pettit Kohn Ingrassia Lutz & Dolin, Damian M. Dolin and Annie F. Fraser for Defendant and Respondent.

No appearance for real parties in interest.

_____

Identifying the actors in this unusual drama is the first step.

Hector Canino is the appellant, but he was *not* a party to the case in the trial court. Rather, in the trial court the case began when plaintiffs Felix Lopez and Luis Rodriguez sued defendant Kathleen McBride. None of these people – not Lopez, not Rodriguez, and not McBride – is a party in this appeal.

Canino entered the picture when he approached defendant Kathleen McBride. He used undue influence to procure the signature of this elderly and infirm woman on a document Canino claimed was an assignment of legal rights. Canino then purported to file a cross-complaint in McBride's name against a stranger to the lawsuit: Katherine Bergh.

Bergh is the respondent in this appeal.

When the trial court finally discovered Canino's mischief, it dismissed his supposed cross-complaint as an improper pleading. Over a year later, Canino filed a motion to set aside the dismissal. We affirm the court's proper denial of Canino's motion. Citations are to the Code of Civil Procedure.

I

The underlying case is captioned "*Lopez et al. v. McBride.*" Felix Lopez and Luis Rodriguez sued Katherine McBride in 2018 for various claims that are not relevant to our decision. The case

2

proceeded slowly. The court originally set the trial for November 4, 2019 but continued this date several times.

McBride was elderly and was suffering from physical and mental ailments. She entered a hospital in March 2020, and then was discharged to a care facility that was not her home.

McBride badly wanted to return home. Canino promised that he would speed her departure from the facility in exchange for a signed document titled "Assignment of Chose in Action." We refer to this paper as the "Document."

The Document states that Canino is authorized "to bring suit against [Katherine] Bergh either in McBride's name, or as assignee of McBride."

McBride signed the Document on or about April 18, 2020 without involvement by her legal counsel, although she was represented at the time. Canino did not give McBride a copy of the Document; she did not obtain a copy until discovery unearthed the Document in 2022.

McBride's attorney successfully moved to be relieved as counsel on June 22, 2021.

On June 30, 2021, over a year after McBride signed the Document, Canino filed a cross-complaint against Katherine Bergh in *Lopez et al. v. McBride*.

Canino crafted his supposed cross-complaint in a devious way that made it difficult, and indeed practically impossible, to understand his central role in the pleading.

The caption listed the filing party as *McBride*, followed only by a street address in Pico Rivera. It stated at the top that it was filed by *McBride "in pro per."* On the signature page, some 23 pages later, McBride's name was hand printed above a signature

block that included her name and "By Hector Canino, Jr. Attorney in Fact per U/A/D dated April 18, 2020."

At oral argument in our court, Canino's appellate counsel could not explain the meaning of "U/A/D."

The cross-complaint did not reference the Document in any way. The only mention of any legal relationship between McBride and Canino in the cross-complaint was a single sentence on *page 15*: "McBride then appointed Canino to serve as McBride's power of attorney."

On July 1, 2021, Canino filed the summons on cross-complaint. It, too, listed the cross-complainant as McBride, gave no counsel name, and recited the same Pico Rivera address with no other contact information. The summons omitted Canino's name.

A week later, McBride's new legal counsel, Armen Mitilian, formally appeared on her behalf. On July 14, 2021, Mitilian requested the cross-complaint be dismissed without prejudice and the trial court entered the dismissal.

Another year passed.

On July 22, 2022, new counsel for Canino filed a motion to vacate or set aside the dismissal of the cross-complaint. In place of the phrase "per U/A/D," this pleading listed Canino's name followed by "per Assignment of Chose in Action." Canino also sought to file an amended cross-complaint.

The court held a hearing on Canino's motion, took the matter under submission, and issued a minute order denying the motion. It is from this order that Canino appeals.

The trial court's order runs for about ten pages and includes several grounds for denying the motion. The judge noted that Canino's original cross-complaint was filed without leave of

4

court, more than two years after the initial trial date in the matter had been set. Had the cross-complaint not been withdrawn, the order stated, the trial court would have dismissed the cross-complaint on its own, pursuant to section 436, subdivision (b).

## II

The trial court acted properly. We affirm.

## A

Bergh filed a motion to dismiss in this court, claiming the order appealed from is not an appealable order. This motion we deny. The trial court order Canino appeals from denied his motion made pursuant to § 473 (b). "An order denying a motion to vacate a judgment or dismissal under section 473 is appealable … ." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611.)

We review the trial court's ruling on a motion to vacate for an abuse of discretion. (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413). We review the ruling of the trial court, not its rationale. We may affirm that ruling on any proper basis supported by the record, whether or not the trial court relied on it. (*Ross v. Superior Court* (2022) 77 Cal.App.5th 667, 681.)

## B

Canino's cross-complaint was filed over two years after an initial trial date had been set in the case. Under section 428.50, subdivision (c), any person, party or not, who wishes to file a cross-complaint at that late stage must obtain leave of court – even if the trial date is later vacated or continued. (*Loney v. Superior* Court (1984) 160 Cal.App.3d 719, 722-723.) Canino did not do so.

5

An attorney who represented McBride, and who had properly appeared in the case as her counsel, requested dismissal of a cross-complaint that purported to be McBride's: the cross-complaint had been filed in her name, in pro per. Nothing in the cross-complaint indicated that Canino was acting under anything other than the power of attorney. He did not attach a copy of the Document to the cross-complaint, or so much as allude to its existence. There was no reason for the court, or for McBride's actual attorney, to think McBride did not have the power to withdraw the cross-complaint. Indeed, withdrawal of the cross-complaint appeared entirely appropriate because its initial filing had been improper.

Canino protests that he did not receive notice of the withdrawal. This was his own doing. He did not ask to be substituted in as a party. He did not formally appear in the case, nor did he alert the court or anyone else that he might be entitled to join the case as a separate party until over a year after the cross-complaint was dismissed. He did not list a contact phone number or email address on the caption, as is required by California Rules of Court, rule 2.111. Rather, he hid behind McBride, filing documents in her name "in pro per" and listing himself, if at all, only as her "attorney in fact."

Canino argues that he was in pro per at the time he filed the cross-complaint and until shortly before he filed his motion to set aside or vacate the dismissal. This is beside the point. As the trial court accurately noted in its order, self-represented litigants must comply with the Code of Civil Procedure. (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 208.)

## C

The parties disagree on other points discussed in the trial court's minute order. As the trial court's decision is fully supported by sections 428.50, subdivision (c) and 436, subdivision (b), we need not address these additional arguments.

Because we uphold the trial court's decision not to reverse the dismissal of the cross-complaint, Canino is not a party in the underlying case. We deny his request that he be allowed to file an amended cross-complaint.

## DISPOSITION

We affirm the judgment and award costs to respondent Katherine Bergh.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.